

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| RICKY TEMPLE CAMPBELL, § | | |
| Plaintiff, § | | |
| vs. § | CIVIL ACTION NO. 9:17-1405-MGL | |
| § | | |
| NANCY A. BERRYHILL, § | | |
| Acting Commissioner of Social Security, § | | |
| Defendant. § | | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING DEFENDANT BERRYHILL'S DECISION DENYING BENEFITS**

This is a Social Security appeal in which Plaintiff Ricky Temple Campbell seeks judicial review of the final decision of Defendant Nancy A. Berryhill denying his claim for disability insurance benefits (DIB). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Berryhill's final decision denying Campbell's DIB claim be affirmed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 28, 2018, Campbell filed his objections on April 4, 2018, and Berryhill filed her reply on April 17, 2018. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

On February 6, 2014, Campbell filed his application for DIB. He contends his disability, which he states commenced on September 2, 2013, is caused by neck problems, back problems, hearing loss, depression, shoulder problems, arthritis, and bursitis. Berryhill denied Campbell's application initially and upon reconsideration. Campbell then requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on April 19, 2016.

On June 3, 2016, the ALJ issued a decision holding Campbell was disabled beginning April 19, 2016, one month before he reached the advanced age of fifty-five, 20 C.F.R. § 404.1563(e), but held he was not disabled before that date. The Appeals Council denied Campbell's request for review of the ALJ's decision. Campbell then filed an action for judicial review with this Court.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

It is the plaintiff's duty both to produce evidence and prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Nevertheless, the ALJ is to develop the record and when he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Under the substantial evidence standard, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

Although ALJ must sufficiently explain the reasons for their rulings to allow this Court to provide meaningful review, *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013), "the ALJ is not required to address every piece of evidence[;] [instead,] he must . . . build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (citations omitted). The Court's "general practice, which [it] see[s] no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005).

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal

quotation marks omitted) (alteration omitted). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

Campbell lists five specific objections to the Report. Objections one, two, and four are closely related. Thus, the Court will address them together.

First, Campbell states "[t]he Magistrate Judge erroneously determined . . . the ALJ's [residual functional capacity [(RFC)] assessment of [Campbell] was based on substantial evidence in the record." Objections 1. Second, he objects to the Magistrate Judge's failure to find fault with the ALJ's allegedly "over-assessing [his] residual functional capacity." *Id*. at 3. And in Campbell's fourth objection, he maintains the Magistrate Judge erred in not suggesting the ALJ "failed to properly assess Plaintiff's mental residual functional capacity." *Id*. at 6. The Court is unconvinced.

The Court agrees with the Magistrate Judge's exhaustive and well-reasoned discussion of the RFC issue. For five full pages, the Magistrate Judge carefully analyzed the ALJ's RFC assessment, including consideration of his mental RFC, and discovered no reversible error. The Court has made a de novo review of the record concerning these three objections, but wholeheartedly agrees with the Magistrate Judge: "[T]here is substantial evidence in the case record to support the ALJ's finding . . . [Campbell] was able to perform light work with the restrictions noted during the relevant time period, and [his] contention . . . the ALJ failed to properly evaluate the evidence in making her findings is therefore without merit." Report 23. Consequently, the Court will overrule Campbell's first, second, and fourth objections.

In Campbell's third objection to the Report, he contends the Magistrate Judge erred in failing to find fault with the ALJ's failure "to consider or discuss the vocational consequences of pain on [him]." Objections 5. The Court is unpersuaded.

Based on the Court's de novo review of the record, however, it is unable to say the Magistrate Judge was mistaken in suggesting ALJ properly considered the vocational consequences of pain on Campbell. In fact, the Court is firmly convinced her conclusion is correct. As to Campbell's argument the Magistrate Judge erred in recommending the ALJ's discussion of this issue was adequate, as provided above, "the ALJ is not required to address every piece of evidence[;] [instead,] [s]he must . . . build an accurate and logical bridge from the evidence to his conclusion." *Clifford* , 227 F.3d at 872. The Court holds the ALJ's easily meets this requirement. Accordingly, the Court will overrule this objection, as well.

Finally, Campbell states in his fifth objection the Magistrate Judge erred in agreeing with the ALJ Campbell was not "disabled under the Medical-Vocational Guidelines at a sedentary level of exertion." Objections 7. This claim is without merit.

As per 20 C.F.R. § 404.1567, jobs are classified as sedentary, light, medium, heavy, or very heavy. The ALJ determined Campbell could perform a range of light work, which generally requires more exertion than sedentary work. The Court is of the opinion this decision is supported by substantial evidence.

The ALJ held Campbell had "the RFC to perform the full range of light work[.]" Report 24. Thus, "she obtained testimony from a Vocational Expert, who testified that jobs existed in the national economy [that] [Campbell] could perform with his limitations prior to April 19, 2016." *Id*. Because the Court concludes Campbell has shown nothing in the Medical-Vocational Guidelines establishing his disability, the Court will also overrule this objection, too.

In sum, the Court holds there is substantial evidence to support the ALJ's conclusion Campbell was not disabled under the Act during the relevant time period and the ALJ's decision is free from reversible legal error. Further, the determination is reasonable. Thus, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court

overrules Campbell's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court Berryhill's final decision denying Campbell's DIB claim is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 7th day of June, 2018, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
